# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM V. MCCRAE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-186 |
| | ) |
| STATE OF GEORGIA, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff William V. McCrea brought this Complaint alleging due process violations and ineffective assistance of counsel. *See* doc. 1. The Court granted plaintiff's request to pursue this case *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4 and 5. The Court now screens the Complaint pursuant to 28 U.S.C. §1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff alleges that he was "deprived [of his] rights to motion *in limine* to speedy trial." Doc. 1 at 5. He filed his motion with the Clerk of Court; Allison Lane, his attorney; and the District Attorney.[2] *Id*. The Court did not act on the motion. *Id*. Plaintiff's last contact with Lane was in August 2019 and he was not notified when she was dismissed as his attorney. *Id*. Plaintiff also alleges that the public defender's office did not make available to him and denied the existence of a video of his alleged crime, which was part of a related federal case. *Id*.

## ANALYSIS

The only named defendant in this case is the State of Georgia—an entity that is immune from suit. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state

---

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2] Plaintiff refers to Lane as his "ex-attorney." Doc. 1 at 5. It unclear whether plaintiff was represented at the time of filing his motion.

either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). The immunity extends to all claims for relief, including damages and injunctive relief. *See id.* at 115 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Even if it were not immune, the State is not subject to suit under § 1983.[3] *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989)). Accordingly, plaintiff's claims against the State of Georgia should be **DISMISSED**.

Even if plaintiff were to identify a defendant that is not immune from suit, dismissal would be warranted on the merits. Plaintiff does not indicate whether his state court trial remains pending or has been

---

[3] "To have a cause of action pursuant to § 1983, the plaintiff must allege that a person deprived [him] of a federal or constitutional right and that the person was acting under color of law." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995) (emphasis added) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). States are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 1989).

concluded. His request for acquittal suggests the former. If the state court action remains open, the federal courts must abstain from any case seeking relief that might interfere with those proceedings. *Younger v. Harris*, 401 U.S. 37, 53 (1971). If the state case has concluded and plaintiff has been sentenced, he cannot challenge the validity of the criminal judgment through a § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). If plaintiff wishes to challenge his sentence or conviction, a habeas action is the sole available mechanism. *Id.* at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–50 (1973)). As identifying an alternative defendant would not salvage the complaint, the Court need not permit an opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).

## CONCLUSION

In summary, the Court **RECOMMENDS** that the complaint be **DISMISSED**. Moreover, it is time to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0 and average monthly

deposits of $60, doc. 5 at 1, he owes a $12 partial filing fee. See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $12 partial filing fee and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file

written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of September, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA